FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS PURSUANT TO GENERAL STATUTES SECTION 17a-112 (e)
The court makes the following factual findings required by General Statutes § 17a-112 (e), which findings are made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
Appropriate and timely services were provided by the Department of Children and Families including counseling, case management, transportation assistance, and visitation coordination. The services provided are more fully set forth in the Social Study which has been placed into evidence. The services as described in the Social Study were appropriate and offered on a timely basis.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF has made reasonable efforts given the situation and circumstances to reunite the family in accordance with state and federal law. The mother has not made herself available to DCF by keeping her whereabouts known or participating in any of the evaluations set up for her. The father has been whereabouts unknown throughout this case, therefore DCF was unable to offer him any service.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
Regarding court orders, fulfillment of obligations, expectation and services agreements:
The Department, with the approval of the Court, set reasonable and realistic expectations to reunify the mother with her child. The court issued expectations on May 26, 2000, and again on July 10, 2000. There was no compliance by the mother. The father was never given court ordered expectations because he never appeared. CT Page 4769
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The child has no feelings toward her parents due to their non-participation in any type of visitation. The child has strong feelings and bonds with the foster family who have cared for her since May 2000, 12 days after her birth.
5. (Finding regarding the age of the child.)
Carmen is 10 months old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return his/her to his/her home in the foreseeable future, including, but not limited to: (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent. provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
These parents have made little effort to adjust their circumstances to permit their child to safely return to their care; they have failed to maintain contact with their child or with DCF. They have not participated in any services that would enable them to be reunited with their child.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the respondent the father and the mother from maintaining a meaningful relationship with their children. There is no evidence that the parents' economic circumstances prevented a meaningful relationship from being maintained. The mother was offered the assistance of counsel at state expense and was offered assistance and service, which, if availed, would have promoted reunification. The father was not offered services because he has been whereabouts unknown during this entire matter. CT Page 4770
The court having considered all statutory considerations and having found by clear and convincing evidence that grounds exist for termination of parental rights, further finds upon all of the facts and circumstances presented, that it is in the children's best interest to terminate the parental rights of Migdalia R. and Wilson D. Accordingly, it is ordered that their parental rights to the children are hereby terminated.
It is further ordered that the Commissioner of Department of Children and Families is hereby appointed the statutory parent for the purpose of securing an adoptive family or other permanent placement for said child and that the Commissioner shall file with the court, no later than thirty (30) days following the date of judgement, a written report toward such permanent placement and file such further reports as are required by state and federal law. The foster family has expressed a desire to adopt Carmen and the court directs that they be given first consideration in any adoption.
SWIENTON, J.